UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION<br><br>This Document Relates to:<br>ALL INDIRECT PURCHASER ACTIONS<br><br>and<br><br>*Petro Computer Systems, Inc. v. Hitachi, Ltd.*<br><br>*Petro Computer Systems, Inc. v. Mitsubishi Electric Corporation, et. al.*<br><br>*Petro Computer Systems, Inc. v. Toshiba Corporation, et. al.* | Case No. M-02-1486-PJH<br>MDL No. 1486<br><br>[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AN ORDER: (1) MODIFYING THE CALCULATION OF PAYMENTS TO LATE LARGE CLAIMANTS; (2) ADDING RESIDUAL OF UNCASHED INCENTIVE AWARDS TO THE MOSEL SETTLEMENT FUNDS; AND (3) AUTHORIZING DISTRIBUTION OF THOSE FUNDS AS MODIFIED BY THE COURT<br><br>Judge: Hon. Phyllis J. Hamilton<br><br>Case No. C 12-5213 PJH<br>Case No. C 12-5214 PJH<br>Case No. C 12-5215 PJH |

On behalf of the Indirect Purchaser Plaintiff Settlement Class, Co-Lead Counsel for the Indirect Purchaser Plaintiffs have moved this Court for entry of an Order:

(1) Modifying the provisions concerning the payment of claims in the Court's prior Order regarding the distribution of settlement funds to increase the payments to corporations who filed late claims ("late Large Claimants") from settlement funds received from defendant Mosel Vitelic ("Mosel"), from a maximum of 50% of a timely-filed claim to 80% of the value of a timely-filed claim;

(2) Directing that a $23,000 residual in the general settlement fund made up of uncashed incentive payments to named plaintiffs be added to the Mosel funds for distribution to Large Claimants; and

(3) Directing the distribution of the net settlement funds received from Mosel to Large Claimants and late Large Claimants.

No person timely objected to the subject requests. ~~A hearing was held on May 27, 2021, these matters having come before the Court to determine whether to modify the provisions concerning the payment of claims in the Court's prior Order regarding distribution of settlement funds received from defendant Mosel from a maximum of 50% of a timely-filed claims to 80% of the value of a timely-filed claim, to add a $23,000 residual of uncashed named-plaintiff incentive payments to the Mosel funds for distribution to Large Claimants, and direct the distribution of the net settlement funds received from Mosel to Large Claimants and late Large Claimants. No objectors appeared at the hearing.~~

The Court, having carefully considered the papers and pleadings on file and oral arguments of counsel, good cause appearing therefore, it is:

ORDERED, ADJUDGED AND DECREED:

1. The Court has jurisdiction over the subject matter of this litigation, all actions within this litigation and the Indirect Purchaser Plaintiff Settlement Class.

2. The Court finds that there are no funds remaining from Large Claimant uncashed checks.

1

[~~PROPOSED~~] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AN ORDER: (1) MODIFYING THE CALCULATION OF PAYMENTS TO LATE LARGE CLAIMANTS; (2) ADDING RESIDUAL OF UNCASHED INCENTIVE AWARDS TO THE MOSEL SETTLEMENT FUNDS; AND (3) AUTHORIZING DISTRIBUTION OF THOSE FUNDS - CASE NO. M-02-1486-PJH

3.      The Court finds that there is a fund in the amount of $1,326,428.55 available for distribution from the payments made by Mosel in fulfillment of its settlement obligation.

4.      The Court finds that there is a residual of $23,000 in uncashed Indirect Purchaser class-representative incentive award checks.  The Court finds that there were originally seventy-one (71) uncashed stale-dated incentive award checks, and that Co-Lead Counsel have made a diligent effort to locate these class representatives and reissue these uncashed payments, including contacting representative counsel and conducting a skip trace procedure to locate class representatives.  These efforts resuled in twenty-five (25) uncashed incentive award checks being reissued to class representatives in late 2017 and early 2018, and forty-six (46) remaining unclaimed.  Accordingly, the Court grants Co-Lead Counsel's request to add the residual $23,000 in uncashed checks to the amount available for distribution to Large Claimants from the payments made by Mosel in fulfillment of its settlement obligation.

5.      The Court finds that good cause exists to warrant modification of the Court's Distribution Order dated May 19, 2016 (Dkt. 2283) pursuant to which late Large Claimants would be entitled to be paid from the Mosel settlement funds up to a maximum of 50% of the value of the claim had it been timely filed.  The Court finds that Co-Lead Counsel have considered the equitable arguments of counsel for the 43 approved late Large Claimants, and the Court concludes that it would be fair and reasonable under the circumstances here, to pay these late Large Claimants 80% of their claim's timely-filed value.  Accordingly, the Court hereby modifies its prior order and directs Co-Lead Counsel to pay late Large Claimants 80% of their claims' timely-filed value.  A list of processed and approved late Large Claimants is attached hereto as Exhibit A.

6.      The Court finds that Rust has incurred $26,302.36 in expenses specifically concerning the administration and processing of Large Claims above the amount set aside by the Court in the Reserve Account set up by the Court's Distribution Order dated May 19, 2016 (Dkt. 2283) and accepts its estimate that it will incur approximately $21,000 in additional costs to complete the distribution of the Mosel settlement funds to Large Claimants.  Accordingly, the

2

[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AN ORDER: (1) MODIFYING THE CALCULATION OF PAYMENTS TO LATE LARGE CLAIMANTS; (2) ADDING RESIDUAL OF UNCASHED INCENTIVE AWARDS TO THE MOSEL SETTLEMENT FUNDS; AND (3) AUTHORIZING DISTRIBUTION OF THOSE FUNDS - CASE NO. M-02-1486-PJH

Court authorizes Co-Lead Counsel to establish a $48,000 reserve to pay Rust's outstanding invoice and all future costs of administering the distribution.

7. The Court finds that adding the uncashed incentive awards to the Mosel settlement funds and deducting the reserve for Rust's expenses, creates a distribution fund of $1,301,428.55. Accordingly, the Court directs Co-Lead Counsel to distribute these funds as follows: (1) *pro rata* to approved late Large Claimants at 80% of the full value of their claims; and (2) the balance of the funds ($1,094,811.97) *pro rata* to timely Large Claimants.

**IT IS SO ORDERED.**

Dated: __May 21__, 2021

_____
Honorable Phyllis J. Hamilton
United States District Judge

3

[PROPOSED] ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR AN ORDER: (1) MODIFYING THE CALCULATION OF PAYMENTS TO LATE LARGE CLAIMANTS; (2) ADDING RESIDUAL OF UNCASHED INCENTIVE AWARDS TO THE MOSEL SETTLEMENT FUNDS; AND (3) AUTHORIZING DISTRIBUTION OF THOSE FUNDS - CASE NO. M-02-1486-PJH

# EXHIBIT A

# List of Processed and Approved Late Large Claimants

| Name | Claimant ID | Claim Number |
|---|---|---|
| BANC CERTIFIED MERCHANT SERVICES | 5006076 | 6464 |
| BIG O TIRES STORE 70 | 5001523 | 1792 |
| BLUE CROSS BLUE SHEILD OF MICHIGAN | 5006126 | 6512 |
| DIRECTRON COM | 5005519 | 6196 |
| FIRST STATE BANK | 499592 | 3498634 |
| GKM ENTERPRISES INC | 498505 | 3497551 |
| GUNDERSON DETTMER STOUGH VULLENEUVE FRANKLIN & HAC | 499845 | 3498887 |
| HILLSDALE COLLEGE | 499020 | 3498066 |
| LAND GRANT RESTAURANT INC. | 500195 | 3499237 |
| MASCO CORPORATION | 5006047 | 6435 |
| MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO | 498792 | 3497838 |
| NEW HORIZON GRAPHIC INC | 5006129 | 6517 |
| OAK POINT PARTNERS INC AS PURE WEIGHT LOSS INC BAN | 5006148 | 6536 |
| OAK POINT PARTNERS INC BHO LIQUIDATING TR | 5006140 | 6528 |
| OAK POINT PARTNERS INC S/I/I PENN TRAFFIC CO BANKR | 5006131 | 6519 |
| OAK POINT PARTNERS INC S/I/I SHOE MANIA LLC ET AL | 5006145 | 6533 |
| OAK POINT PARTNERS INC S/I/I TTC ILLINOIS INC ET A | 5006144 | 6532 |

| | | |
|---|---|---|
| OAK POINT PARTNERS INC S/I/I USACM LIQ TRUST | 5006143 | 6531 |
| OAK POINT PARTNERS INC S/I/I VON WEISE INC BANKR E | 5006142 | 6530 |
| OAK POINT PARTNERS INC SII ASSIGNEE FBO CREDITORS | 506155 | 6543 |
| OAK POINT PARTNERS INC SII BAYARD SALES CORP BANKR | 5006154 | 6542 |
| OAK POINT PARTNERS INC SII CENTENNIAL LIQUIDATION | 5006139 | 6527 |
| OAK POINT PARTNERS INC SII CREDITORS TR OF PFF BAN | 5006137 | 6525 |
| OAK POINT PARTNERS INC SII FPI LIQUIDATING TR | 5006134 | 6522 |
| OAK POINT PARTNERS INC SII GETTY PETRO LIQ TRUST | 5006153 | 6541 |
| OAK POINT PARTNERS INC SII GLOBE MANUFACTURING COR | 5006132 | 6520 |
| OAK POINT PARTNERS INC SII KAUFMAN BROS ET AL CH 7 | 5006152 | 6540 |
| OAK POINT PARTNERS INC SII LFG TRUST | 5006151 | 6539 |
| OAK POINT PARTNERS INC SII MONTGOMERY WARD LLC ET | 5006150 | 6538 |
| OAK POINT PARTNERS INC SII NATIONAL AUDIT DEFENSE | 5006133 | 6521 |
| OAK POINT PARTNERS INC SII PALI CAPITAL INC | 5006156 | 6544 |
| OAK POINT PARTNERS INC SII PHAR-MAR INC ET AL BANK | 5006149 | 6537 |
| OAK POINT PARTNERS INC SII PMTS LIQUIDATING CORP | 5006138 | 6526 |
| OAK POINT PARTNERS INC SII PWD1 LLC ET AL CH 7 EST | 5006147 | 6535 |
| OAK POINT PARTNERS INC SII QUAKER FABRIC CORP ET A | 5006135 | 6523 |
| OAK POINT PARTNERS INC SII QUALITY HOME LOANS BANK | 5006146 | 6534 |
| OAK POINT PARTNERS INC SII USA BIOMASS CORP ET AL | 5006136 | 6524 |
| PERFORMANCE FOOD GROUP INC | 5006077 | 6465 |

| | | |
|---|---|---|
| SALVATION ARMY USA SOUTHER TERRITORY | 5006121 | 6509 |
| T-TEC SALES INCORPORATED | 498873 | 3497919 |
| WILLOUGHBY GOLF CENTER INC | 5000744 | 929 |
| WINTHROP RESOURCES CORPORATION | N/A | 6529 |
| XAVIENT INFORMATION SYSTEMS, INC | 501591 | 3500633 |